# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

VUTHY IM,

           Petitioner,

v.

FERETI SEMAIA, WARDEN, ETC., et al.,

           Respondents.

No. 5:25-cv-2733-JAK (Ex)

**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

1

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition (Dkt. 1), the records herein, and the Report and Recommendation of Magistrate Judge Charles F. Eick (Dkt. 24). Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which any objections have been made. Based on its review, the Court accepts and adopts the Magistrate Judge's Report and Recommendation.

The Report and Recommendation: (1) declares that Petitioner's detention violated 8 C.F.R. §§ 241.13(i)(2)-(3) and the Due Process Clause of the Fifth Amendment; and (2) makes permanent the preliminary injunction that this Court ordered on October 30, 2025 (Dkt. 18 at 9-10). Respondents object to the Report and Recommendation, contending that the Petition is moot because Petitioner has already been released from immigration detention and that there are no "collateral consequences" remaining for the Petition to address.[1] Dkt. 25.

The Report and Recommendation is well-reasoned; the preliminary injunction did not moot the underlying Petition. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (An immigration detainee's release on bond following a preliminary injunction did not moot a habeas petition, because "[u]nless that preliminary injunction was made permanent and was not disturbed on appeal, [the individual] faced the threat of re-arrest and [] detention."). "A habeas petition is not moot where preliminary relief is not made permanent." *Cruz v. Lyons*, No. 25-CV-2879, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025) (issuance of TRO, and subsequent release of petitioner from immigration detention, did not moot the habeas petition challenging due process violations in

---

[1] Respondents cite *Mejia v. Semaia*, No. 25-cv-01987, WL 2633165 (C.D. Cal. Aug. 21, 2025), which determined that a petitioner's habeas petition was moot following his release on bond. However, that petitioner had already been removed to Honduras after his bond hearing and before the court reached a decision on mootness. *Id.* at *1. Accordingly, it was not necessary for the court to consider the Supreme Court's decision in *Nielsen* nor the possibility of the petitioner's re-detention.

2

detention process). If the Petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief.

Respondents contend that Petitioner faces no such trisk, because he "cannot be re-detained without a pre-detention hearing before a neutral immigration judge." Dkt. 25 at 5. However, that relief was ordered as a preliminary remedy designed to preserve the status quo pending a final adjudication of the Petition. Dkt. 18 at 9. Such temporary relief would be without legal effect if this case were closed with no further action or judgment. *See Rodriquez v. 32nd Legislature of Virgin Islands*, 859 F.3d 199, 207 (3d Cir. 2017) ("[a] preliminary injunction cannot survive the dismissal of a complaint") (quoting *Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994)); *Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) (preliminary injunction "is ipso facto dissolved by a dismissal of the complaint or the entry of a final decree in the cause") (quoting *Fundicao Tupy S.A. v. United States*, 841 F.2d 1101, 1103 (Fed. Cir. 1988)). Accordingly, because Petitioner faces a threat of unlawful re-detention absent permanent injunctive relief, the Petition continues to present concrete, collateral consequence that may be redressed. *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007) ("For a habeas petition to continue to present a live controversy after the petitioner's release or deportation, . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition.").

Therefore, **IT IS ORDERED** that: (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered:

    (a)    declaring that ICE's previous detention of Petitioner violated 8 C.F.R. sections 241.13(i)(2)-(3) and the Due Process Clause of the Fifth Amendment to the United States Constitution; and

3

(b)   permanently enjoining Respondents and their officers, agents, employees, attorneys and persons acting on their behalf, in concert or in participation with them, from (i) re-detaining Petitioner without notice and a pre-detention hearing before a neutral immigration judge at which it is determined that detention is appropriate and warranted under the applicable law and regulations either because Petitioner has violated a term of his release or because his deportation to Cambodia is imminent and the necessary documents from the Republic of Cambodia have issued and are in the possession of ICE; and (ii) removing Petitioner to any country other than Cambodia without appropriate notice and an opportunity to be heard in accordance with the applicable ICE regulations.

The Clerk shall serve forthwith a copy of this Order, the Magistrate Judge's Report and Recommendation and the Judgment herein on Petitioner, on counsel for Petitioner and on counsel for Respondents.

**IT IS SO ORDERED.**

Dated:   January 23, 2026

_____
John A. Kronstadt
United States District Judge

4